UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN B. JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES [FBI],<br><br>　　　　　Defendant. | No. 2:20-cv-2214 TLN DB PS<br><br><br>ORDER AND<br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Kevin Johnson is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1]  (ECF Nos. 1 & 2.) The complaint alleges that defendant's "agents instructed . . . teenage girls to track" plaintiff in an effort "to create a . . . criminal out of person (child sex offender)[.]" (Compl. (ECF No. 1) at 4-5.)

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's complaint is deficient. Accordingly, for the reasons stated

////

---

[1] Plaintiff has also filed additional motions which will be addressed below.

below, the undersigned will recommend that plaintiff's complaint be dismissed without leave to amend.

I.      **Plaintiff's Application to Proceed In Forma Pauperis**

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most

1  favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.
2  Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245
3  (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by
4  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true
5  conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western
6  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

7       The minimum requirements for a civil complaint in federal court, as explained by Rule 8
8  of the Federal Rules of Civil Procedure ("Rules"), are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II.     Plaintiff's Complaint

Here, plaintiff's complaint alleges in a vague and conclusory manner that the Federal Bureau of Investigations ("FBI") is engaged in a conspiracy to entrap plaintiff by instructing "teenage girls to track [plaintiff] down with the use of CI's[.]"  (Compl. (ECF No. 1) at 6.[2])  "The FBI has even dropped them right at [plaintiff's] van door[.]"  (Id.)  No factual allegations, however, are asserted in support.  Instead the complaint simply alleges that these events occurred on "various streets in Sacramento," and at "[v]arious times late night[.]"  (Id.)  And no persons are identified in the complaint.

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

---

[2] Page number citations such as this are to the page number reflected on the court's CM/ECF system and not to the page numbers assigned by the parties.

1   enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555,
2   557). A plaintiff must allege with at least some degree of particularity overt acts which the
3   defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

4       Moreover, "the in forma pauperis statute . . . 'accords judges not only the authority to
5   dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to
6   pierce the veil of the complaint's factual allegations and dismiss those claims whose factual
7   contentions are clearly baseless.'" Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting
8   Neitzke, 490 U.S. at 327). "Examples of the latter class are claims describing fantastic or
9   delusional scenarios, claims with which federal district judges are all too familiar." Neitzke, 490
10  U.S. at 328. Here, the complaint's allegations, although difficult to decipher, appear to be based
11  on the delusional scenario that the "FBI decided to select . . . . teenage girls" which the FBI
12  "dropped them" at plaintiff's "van door," located "using the FBI tracking capabilities," and after
13  contact with plaintiff, of which "95% of the contact actually has no physical contact," "payment
14  would be made" by the FBI. (Compl. (ECF No. 1) at 6.)

15      Finally, plaintiff made these same allegations against this same defendant in a complaint
16  filed on November 21, 2019. See Kevin B. Johnson v. FBI, No. 2:19-cv-2359 JAM EFB PS.[3] In
17  that action, on May 14, 2020, the assigned Magistrate Judge issued findings and
18  recommendations finding that plaintiff failed to state a claim and recommending that the action
19  be dismissed without leave to amend. Johnson v. Federal Bureau of Investigation, No. 2:19-cv-
20  2359 JAM EFB PS, 2020 WL 2489735, (E.D. Cal. May 14, 2020). Those findings and
21  recommendations were adopted in full by the District Judge assigned in that action. Johnson v.
22  ////

23

24  [3] The court may take judicial notice of its own files and of documents filed in other courts.
    Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (taking
25  judicial notice of documents related to a settlement in another case that bore on whether the
    plaintiff was still able to assert its claims in the pending case); Burbank–Glendale–Pasadena
26  Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of
27  court filings in a state court case where the same plaintiff asserted similar and related claims);
    Hott v. City of San Jose, 92 F.Supp.2d 996, 998 (N.D. Cal. 2000) (taking judicial notice of
28  relevant memoranda and orders filed in state court cases).

Federal Bureau of Investigation, No. 2:19-cv-2359 JAM EFB PS, 2020 WL 3542257, (E.D. Cal., June 30, 2020).

"The preclusive effect of a federal-court judgment is determined by federal common law." Taylor v. Sturgell, 553 U.S. 880, 891 (2008). In this regard, "[t]he federal law of res judicata applies to federal judgments." Oreck Direct, LLC v. Dyson, Inc., 544 F.Supp.2d 502, 508 (E.D. La. 2008). "Res judicata applies when there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (quotation omitted). Here, the claims and parties are the same, and the prior action resulted in a final judgment on the merits. See Leon v. IDX Systems Corp., 464 F.3d 951, 962 (9th Cir. 2006) ("a dismissal with prejudice is a determination on the merits"). Accordingly, plaintiff's claims are barred by res judicata.

### III.  Leave to Amend

For the reasons stated above, plaintiff's complaint should be dismissed. On November 17, 2020, plaintiff filed a motion requesting leave to file an amended complaint. (ECF No. 3.) The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief could be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the deficiencies noted above, the undersigned finds that it would be futile to grant plaintiff leave to amend.

### IV.  Additional Motions

On November 23, 2020, plaintiff filed a "MOTION IN ARRESST (sic) OF JUDGEMENT" asking that the "FBI . . . not be allowed to arrest" plaintiff prior to a trial in this action. (ECF No. 4 at 1, 6.) On November 23, 2020, plaintiff filed a motion for an injunction seeking an order preventing the "FBI from arresting" plaintiff "in any public forum when . . . speaking on the FBI abuse" plaintiff experienced. (ECF No. 7 at 1.) On December 1, 2020, plaintiff filed a motion seeking to dismiss a "RELATED CASE of FBI INVESTIGATION" based

1   on evidence provided by "lying deceitful teenager prostitutes[.]"  (ECF No. 9 at 1.)  On December
2   18, 2020, plaintiff filed a motion for "relief from UNCONSTITUTIONAL GRAND JURY" and a
3   motion for an injunction preventing the FBI from arresting plaintiff, setting both motions for
4   hearing on January 15, 2020.  (ECF Nos. 10 & 11.)

5   Plaintiff's motions cite no legal authority that would authorize this court to prevent
6   plaintiff from being arrested or prosecuted in a criminal action.  Moreover, the legal principles
7   applicable to a request for injunctive relief are well established.  To prevail, the moving party
8   must show either a likelihood of success on the merits and the possibility of irreparable injury, or
9   that serious questions are raised and the balance of hardships tips sharply in the movant's favor.
10  See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland
11  Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).

12  The two formulations represent two points on a sliding scale with the focal point being
13  the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under any
14  formulation of the test, plaintiff must demonstrate that there exists a significant threat of
15  irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the
16  court need not reach the issue of likelihood of success on the merits.  Id.  Moreover, the court will
17  not entertain a motion for injunctive relief that is not supported by: (1) a declaration under penalty
18  of perjury on the question of irreparable injury, (2) a memorandum of points and authorities
19  addressing all legal issues raised by the motion, and (3) evidence of notice to all persons who
20  would be affected by the order sought.  See Local Rule 231.

21  Here, plaintiff's filings fail to comply with Local Rule 231.  Moreover, for the reasons
22  stated above, plaintiff's complaint should be dismissed and plaintiff should not be granted leave
23  to amend.  In the absence of a complaint that states a claim for relief the undersigned cannot find
24  that plaintiff has demonstrated a likelihood of success or a risk of irreparable injury.
25  Accordingly, plaintiff's various motions should be denied.
26  ////
27  ////
28  ////

**CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED that the January 21, 2021 hearing of plaintiff's motion for relief (ECF No. 10) and motion for preliminary injunction (ECF No. 11) is vacated.

Also, IT IS RECOMMENDED that:

1. Plaintiff's November 4, 2020 application to proceed in forma pauperis (ECF No. 2) be denied;

2. Plaintiff's November 4, 2020 complaint (ECF No. 1) be dismissed without leave to amend;

3. Plaintiff's November 17, 2020 motion to amend (ECF No. 3) be denied;

4. Plaintiff's November 23, 2020 motion in arrest (ECF No. 4) be denied;

5. Plaintiff's November 23, 2020 motion for injunction (ECF No. 7) be denied;

6. Plaintiff's December 1, 2020 motion to dismiss related case (ECF No. 9) be denied;

7. Plaintiff December 18, 2020 motion for relief (ECF No. 10) be denied;

8. Plaintiff December 18, 2020 motion for preliminary injunction (ECF No. 11) be denied; and

9. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 7, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/johnson2214.dism.f&rs

7